[No. 4,076.]

## C. A. BACHMAN *v.* ANDREW MEYER AND GEORGE S. PERRY.

CONDITIONAL LIABILITY ON A CONTRACT.—If the owners of swamp land in a district, contract to pay certain persons stipulated amounts of money to be expended in building a levee, to reclaim the district, and such persons employ another to build the levee at a certain price per cubic yard, and stipulate that they are not to be personally liable unless they fail to use due diligence in collecting the money, the person so employed cannot recover for his labor, without showing a want of diligence in collecting the money from the owners of the land.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

The defendant appealed. The other facts are stated in the opinion.

*W. L. Dudley* and *J. M. Cavis*, for the Appellants, cited *Brown* v. *Stebbins*, 4 Hill, 154, and *Moore* v. *Besse*, 30 Cal. 570.

*Byers & Elliott*, for the Respondent, argued that the plaintiff was not bound to prove a negative, and that it was for the defendants to show diligence.

By the Court, WALLACE, C. J.:

The plaintiff was employed to build a levee in Swamp Land District, No. 17, by the defendants, trustees of that district. It was stipulated, however, that the defendants were not to be personally liable to pay the plaintiff, "unless they fail to use reasonable diligence to collect the money to be paid under said agreement by the owners of said land," etc. The agreement referred to in this stipulation, was one by which the owners of the land had promised to pay the defendants "moneys to be used, expended (by the defendants), to and toward the reclaiming of land within said

district." The quantity of the work done was to be ascertained by an engineer, after its completion by the plaintiff, and to be paid for by the cubic yard at a stipulated rate.

The complaint alleges that the work had been completed, and its amount ascertained by the engineer, and that the plaintiff was entitled to receive therefor six thousand three hundred and sixty-two dollars and twenty-five cents, no part of which has been paid, except the sum of five thousand eight hundred and eighty-four dollars and eighty-six cents, and demands judgment against the detendants for four hundred and seventy-seven dollars. It is averred in the complaint that the defendants have not used reasonable diligence " to collect said money and to pay over the same to the plaintiff." This averment of the complaint is denied in the answer, and the only proof given by either side at the trial, was that given by the plaintiff, who testified as follows: " I am the plaintiff in this action. The defendants have not paid me the amount claimed by me in this action." A motion of the defendants for a nonsuit was denied, and judgment rendered for the plaintiff.

The motion for a nonsuit should have been granted. No negligence upon the part of the defendants had been shown. There is no presumption to be indulged against the defendants that the entire sum undertaken to be paid by the land owners, was sufficient in amount to satisfy the plaintiff's claim; or that it was all due from the land owners when this action was commenced.

If the defendants had collected and paid over all that was promised, or all that was due, they certainly would not be liable to the plaintiff for the deficiency, and it would devolve upon the latter to show that there was, in point of fact, an uncollected balance due from the land owners, which might have been collected by the defendants in the exercise of reasonable diligence, before he could charge them personally in this action.

Judgment and order denying new trial reversed and cause remanded.

Neither Mr. Justice RHODES nor Mr. Justice NILES expressed an opinion.